_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 19 2015 (C

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

|  |  |  |
|---|---|---|
| **ALLSTATE INDEMNITY COMPANY** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-14-466** |
| | * | |
| **SAVANNAH OVERTURF**, *et al.* | | |
| | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

Plaintiff Allstate Indemnity Company ("Allstate") filed this declaratory action to resolve a dispute under an automobile insurance policy issued in Maryland with Maryland choice of law and forum selection provisions. The accident triggering this dispute occurred in Colorado where two of the defendants now reside. Defendant Jodine Cress has filed a motion to dismiss, ECF No. 19, arguing that the Court lacks personal jurisdiction over her. Alternatively, she asserts that this case should be transferred to Colorado where the accident occurred. *Id.* at 25–30. She also contends that A.O. (a minor), decedent's daughter, is a necessary party to the action. *Id.* at 31–39. Defendants Michael and Savannah Overturf (the "Overturfs") argue that they should be dismissed from this case for lack of a case or controversy between them and Allstate. ECF No. 20.

A hearing is not necessary. See Loc. R. 105.6. For the reasons stated below, Cress' Motion to Dismiss, or in the Alternative, for Change of Venue, ECF No. 19, is DENIED. the Overtuf's Motion to Dismiss, ECF No. 20, is GRANTED. Allstate's informal request for Leave to Amend to add a necessary party, A.O., ECF No. 22, is GRANTED.

## I.     BACKGROUND

The Overturfs purchased an automobile insurance policy with Allstate when they lived in

Maryland. ECF No. 1-1 at 29; ECF No. 19-2. The policy contains uninsured motorist coverage

of $100,000 per person/$300,000 per accident. ECF No. 1-1 at 9–10. The policy explains that it

is "issued in accordance with the laws of Maryland and covers property or risks principally

located in Maryland." ECF No. 1-1 at 33. It further explains that Maryland law is to govern the

dispute, although the laws of the jurisdiction where the covered loss takes place may govern if

"the laws of that jurisdiction would apply in the absence of [the] contractual choice of law

provision . . . " *Id.* The policy also contains a forum-selection clause, stating:

> . . . any and all lawsuits in any way related to this policy, shall be brought, heard,
> and decided only in a state or federal court located in Maryland. Any and all
> lawsuits against persons not parties to this policy but involved in the sale,
> administration, performance, or alleged breach of this policy, or involved in any
> other way with this policy, shall be brought, heard, and decided only in a state or
> federal court located in Maryland, provided that such persons are subject to or
> consent to suit in the courts specified in this paragraph.

> If a covered loss to the auto, a covered auto accident, or any other occurrence for
> which coverage applies under this policy happens outside Maryland, lawsuits
> regarding that covered loss to the auto, covered auto accident, or other covered
> occurrence may also be brought in the judicial district where that covered loss to
> the auto, covered auto accident, or other covered occurrence happened.

*Id.*

Part five of the insurance policy outlines the coverage for uninsured or underinsured

motorists. *Id.* at 43. Under the policy, Allstate will "pay those damages which an insured person

is legally entitled to recover from the owner or operator of an uninsured auto because of: 1.

bodily injury sustained by an insured person, and 2. Property damage." *Id.* An "insured person"

is the policy holder, a resident relative of the policy holder, an occupant of an insured auto with

the policy holder's permission, or "any other person who is legally entitled to recover because of

bodily injury to the [policy holder], a resident relative, or an occupant of [the policy holder's] insured auto with [the policy holder's] permission." *Id.* An uninsured auto is, in part, "an underinsured motor vehicle which is lawfully self-insured or has bodily injury liability protection in effect and applicable at the time of the accident, but in an amount less than the applicable bodily injury limit of liability for this coverage shown on the declarations page." *Id.* at 43–44. Bodily injury includes death. *Id.* at 44. A resident relative means a relative who has "physical presence" in the policy holder's household with the "intention to continue living there." *Id.*

On July 1, 2013, Michael Overturf's brother, Dustin Overturf (the "decedent"), was a passenger in an automobile that was involved in a single-vehicle accident in Montrose, Colorado. ECF No. 1 at ¶¶ 4, 19. He died as a result of the accident. *Id.* at ¶ 4. Cress (decedent's mother) and A.O. (decedent's daughter) shared in a wrongful death settlement with the at-fault driver's liability carrier. ECF No. 19-8 at ¶ 10. The at-fault driver was insured by Progressive Insurance Company with bodily injury liability limits of $100,000 per person/$300,000 per accident. ECF No. 1 at ¶ 11. Cress resides in Colorado. ECF No. 19-7 at ¶ 5. Cress contends that both Michael Overturf and the decedent resided with her in Colorado before the decedent's death. *Id.* at ¶ 9. Thus, Cress believes decedent is covered by the uninsured motorists section of the Overturf's policy as a resident relative of one of the policy holders. ECF No. 19-1 at 7.

The family of the decedent made a claim for insurance benefits with Allstate on October 23, 2013. ECF No. 19-9. The family includes Cress and the deceased's minor daughter, A.O. ECF No. 19-1 at 33–34. On October 28, 2013, Allstate responded to the claim with a letter indicating its belief that there was no coverage under Maryland law. ECF No. 19-10. Then, on February 18, 2014, Allstate filed this action seeking declaratory judgment that "Plaintiff Allstate Indemnity Company does not owe uninsured motorist benefits to Jodine Cress, or anyone else

3

claiming such benefits due to or arising out of injuries sustained by, or the death of, Dustin

Overturf, under a policy of automobile insurance issued by Allstate Indemnity Company to

Savannah L. and Michael N. Overturf." ECF No. 1 at ¶ 1. In support of its request for

declaratory judgment, Allstate alleges that the vehicle that caused the accident was not "an

underinsured auto" and that the decedent was not a resident relative of the Overturfs. ECF No. 1

at ¶¶ 19–22.

## II.    DISCUSSION

Cress contests this Court's personal jurisdiction over her. ECF No. 19-1 at 8–14. She

alternatively argues that, even if the Court has personal jurisdiction over her, the case should be

transferred to Colorado. *Id.* at 16–30. The Overturfs argue that the Court lacks subject matter

jurisdiction over Allstate's action against them. ECF No. 20-1 at 14–18. Cress also contends that

A.O. is a necessary party to this litigation. ECF No. 19-1 at 33–34. The Court addresses these

arguments in turn.

### A.    Personal Jurisdiction over Cress

Cress asserts that the Court lacks personal jurisdiction over her because she does not have

sufficient minimum contacts with Maryland. ECF No. 19-1 at 8–14. A motion to dismiss for lack

of personal jurisdiction arises under Fed. R. Civ. P. 12(b)(2). "When a court's personal

jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus

raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a

ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673,

676 (4th Cir.1989) (citation omitted). "In deciding whether the plaintiff has made the requisite

showing, the court must take all disputed facts and reasonable inferences in favor of the

plaintiff." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir.

2003). Notably, "district courts are not required . . . to look solely to the plaintiff's proof in drawing those inferences." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993).

Discovery and an evidentiary hearing are not required to resolve a motion under Rule 12(b)(2). *See generally* 5B Wright & Miller, Fed. Prac. & Pro. Civ. § 1351 at 274–313 (3d ed. 2004, 2012 Supp.). Rather, the district court may address the question of personal jurisdiction as a preliminary matter, ruling solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). The plaintiff need only make "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.*

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure authorizes a federal district court to exercise personal jurisdiction over a defendant in accordance with the law of the state where the district court is located. *Carefirst of Md., Inc.*, 334 F.3d at 396; *see also* Fed.R.Civ.P. 4(k)(1)(A). "[T]o assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc.*, 334 F.3d at 396. "Maryland courts have concluded that the State's long-arm statute, Md. Code Ann., Courts & Jud. Proc. § 6-103, expands Maryland's exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment." *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F. 3d 707, 710 (4th Cir. 2002) (citing *Androutsos v. Fairfax Hosp.*, 594 A.2d 574, 576 (1991)). Therefore, the limits of Maryland's statutory authority to exercise personal jurisdiction are the same as the limits of the Due Process Clause, and "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Id.* (citing *Stover v.*

*O'Connell Assocs., Inc.*, 84 F.3d 132, 135-136 (4th Cir. 1996)) (internal quotation marks omitted).

Allstate does not quibble with Cress over her infrequent visits to Maryland. Instead, Allstate argues that Cress has consented to Maryland's jurisdiction over this suit through the insurance policy's forum selection clause. ECF No. 22 at 8. Consent to personal jurisdiction through a forum selection clause satisfies due process requirements. *See Burger King Corp. v. Rudzewqicz*, 471 U.S. 462, 472 n. 1 (1972). Indeed, "[t]he United States Supreme Court has held repeatedly that since the personal jurisdiction requirement is a waivable right, express or implied consent to the jurisdiction of a court is sufficient to satisfy the requirements of due process for assumption of jurisdiction over a nonresident defendant." *CoStar Realty Info., Inc. v. Meissner*, 604 F.Supp. 2d 757, 764–5 (D Md. 2009) (citing *Toshin ProdCo., Ltd. v. Woods*, 1989 WL 87015 at *2 (D. Md. July 28, 1989)) (citations and internal quotation marks omitted). A valid forum selection clause demonstrates consent to personal jurisdiction by the person who entered into the contract. *CoStar Realty Info., Inc. v. Field*, 612 F.Supp. 2d 660, 668 (D. Md. 2009) (citations omitted).

Cress asserts that the forum selection clause does not apply to her, however, because she is not a party to the insurance policy. ECF No. 27 at 3. At the same time, Cress admittedly seeks to obtain benefits from the policy. *Id.* Thus, the Court must decide whether the original contracting parties' consent to jurisdiction extends to Cress when she seeks to stand in the contracting party's shoes and obtain a benefit from the contract. The Court finds that it does.

A third party beneficiary's rights are subject to "all express or implied conditions affecting the promise in which [s]he is interested." 13 Richard A. Lord, Williston on Contracts § 37:24 (4th ed. 2008). "Third party beneficiaries must take their contracts as they find them—the

6

good with the bad." *Id.* § 37:23. *Cf. Int'l Paper Co. v. Schwabedissen Maschinen & Analagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000) ("a nonsignatory is estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause.") (citations and internal quotation marks omitted); *Westbard Apartments, LLC v. Westwood Joint Venture, LLC,* 954 A.2d 470, 478 (Md. Ct. Spec. App. 2007) (finding a third party beneficiary who sues to enforce a contract is bound by an arbitration agreement in that contract). Thus, ". . . where a third party beneficiary attempts to sue a promiser, that promisor may apply the contract provisions against the third party beneficiary in the same manner available against the original promisee." *District Moving & Storage Co. v. Gardiner & Gardiner, Inc.,* 492 A.2d 319, 323 (Md. Ct. Spec. App. 1985) *aff'd,* 508 A.2d 487 (Md. 1986). In line with the above principles,

> . . . the Second, Seventh, Ninth, and Eleventh Circuits have all agreed that, where the alleged conduct of the nonparties is closely related to the contractual relationship, a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses. See *Holland Am. Line Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450, 456 (9th Cir.2007) (citations omitted); *accord Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285, 1299 (11th Cir. 1998)). These courts have reasoned that "[w]ere it not for judicial willingness in appropriate circumstances to enforce forum selection clauses against [non-parties], such clauses often could easily be evaded." *Adams v. Raintree Vacation Exch., LLC,* 702 F.3d 436, 441 (7th Cir.2012), *cert. denied,* —— U.S. ——, 133 S.Ct. 2862, 186 L.Ed.2d 911 (2013).

*Sabre International Security v. Torres Advanced Enterprise Solutions, LLC,* 11-806(GK), --- F.Supp.2d ----, 2014 WL 3859164 (D.D.C. June 16, 2014).

Here, the "uninsured motorists insurance coverage" section of the Overturfs' automobile insurance policy defines an insured, in part, as "any other person who is legally entitled to recover because of bodily injury to . . . a resident relative . . . ." ECF No. 1-1 at 43. Through this

language, the parties intended for those legally entitled to recover, whether they are named in the policy or not, to benefit from the policy. Thus, it was foreseeable that Cress, or anyone legally entitled to claim benefits under the policy, would be bound by the policy's terms.[1] *Cf. Brenner v. National Outdoor Leadership School*, 20 F.Supp.3d 709, 715-16 (D. Minn. 2014) (finding non-party wrongful death trustee to agreement was bound to forum selection clause contained in agreement); *Forbes v. Harleysville Mut. Ins. Co.*, 589 A.2d 944, 954 (Md. 1991) (finding that children were insureds under the policy because they were "legally entitled to damages from the owner or operator of an uninsured motor vehicle because of the death of their mother sustained in an accident arising out of the operation of the uninsured vehicle."). Given that the forum selection clause is consent to personal jurisdiction, the Court has personal jurisdiction over Cress and any other person claiming a benefit under the policy.[2]

## B.    Venue

Cress asserts that venue is improper under 28 U.S.C. § 1391, and alternatively, moves for transfer of venue under 28 U.S.C. §1404(a) to the U.S. District Court for the District of Colorado. ECF No. 19-1 at 16–30. As an initial matter, the Court finds that Maryland is a proper venue due to the forum selection clause. *See supra* Section II.A; *Sterling Forest Assocs., Ltd. v. Barnett-Range Corp.*, 840 F.2d 249, 251 (4th Cir. 1988) (". . . the *Bremen* Court held that forum

---

[1] Cress asserts that the forum selection clause is not mandatory and, thus, cannot serve as consent to Maryland jurisdiction. ECF No. 27 at 2. While the forum selection clause permits jurisdiction in another forum in certain circumstances, it specifically permits, and therefore subjects beneficiaries to, jurisdiction in Maryland. As a claimed "insured" or beneficiary under the policy, Cress consents to all terms, not only those she wishes to enforce.

[2] Even where the parties have previously agreed on a forum through a forum selection clause, courts may refuse to enforce the clause if "[the party avoiding enforcement can] clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). The Court is aware of no evidence that these factors are at play here nor have Defendants argued so.

selection clauses are prima facie valid and should be enforced when made in arms-length transactions by sophisticated businessmen, absent some compelling and countervailing reason.") (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 9–12 (1972)) (abrogated on other grounds by *Lauro Lines s.r.l v. Chasser*, 490 U.S. 495 (1989)). *Cf. Greenberry's Franchising Corp. v. Park*, 3:10-cv-00045, 2010 WL 5141285 at *4 (W.D. Va. Dec. 10, 2010) (". . . the forum selection clause renders venue in the Western District proper. . ."); *LTVN Holdings LLC v. Odeh*, CBB-09-0789, 2009 WL 3736526 at *6 (D. Md. Nov. 5, 2009) (". . . the court finds that the forum selection clause is controlling and venue is proper in the District of Maryland); *Precision Franchising, LLC v. Starr*, 1:06cv505(JCC), 2006 WL 2456378 at *3 (E.D. Va. Aug. 22, 2006) (". . . venue is proper in the Eastern District of Virginia by virtue of the forum selection clause, and the Plaintiff's motion to dismiss for improper venue is denied.").

Even though venue is proper in this Court, venue may be better for the parties in another court. 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the party requesting transfer to show that transfer to another forum would be best. *Lynch v. Vanderhoef Builders,* 237 F.Supp. 2d 615, 617 (D. Md. 2002). Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964). In determining whether transfer of venue is appropriate, courts commonly consider the following factors: (1) the weight accorded to plaintiff's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice. *Cross v. Fleet Reserve Ass'n Pension Plan,* 383 F.Supp.2d 852, 856 (D. Md. 2005); *Mamani v. Bustamente*, 547 F.Supp. 2d 465, 469 (D. Md. 2008). While

analyzing these factors, the Court keeps in mind that the presence of a forum-selection clause is a "significant factor" that is to "figure centrally in the district court's calculus." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### 1.     Plaintiff's Choice of Forum

"[U]nless the balance of factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight Inc.* 748 F.2d 916, 921 (4th Cir.1984) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)). Allstate brought this lawsuit in Maryland, where the Overturfs lived when purchasing the policy and where the forum selection clause permits lawsuits. ECF No. 1-1 at 29 & 33. Citing to *SpeedTrac Tech., Inc. v. Estes Express Lines, Inc.*, 567 F.Supp.2d 799, 803 (M.D.N.C. 2008), Cress asserts that Allstate's choice is entitled to little weight because Allstate is not a Maryland corporation and the automobile accident giving rise to the claim for benefits occurred in Colorado. ECF No. 19-1 at 27. *SpeedTac Tech.* is distinguishable, however, as it involves an action where the chosen forum had virtually no connection to the litigation. Here, the Overturfs entered into the policy as Maryland residents, *See* ECF No. 1-1 at 29; the policy contains Maryland choice of law and choice of forum provisions, *See* ECF No. 1-1 at 33; and the policy states that it "covers property or risks principally located in Maryland." *Id.*

Cress also believes that the Court should give Plaintiff's choice of forum less weight because the forum selection clause permits a lawsuit to be brought outside Maryland when the "occurrence for which coverage applies" happened outside Maryland. ECF No. 27 at 4; *see also* ECF No. 1-1 at 33. The option of another forum, however, does not belittle Allstate's choice so long as Maryland is also proper.[3]

---

[3] It is also worth noting that the clause on which Defendant relies states that if a "covered auto accident . . . happens outside Maryland" lawsuits regarding the "covered auto accident . . .may

Finally, Cress argues that Allstate's choice of forum should be given little deference because it engaged in forum shopping. ECF No. 19-1 at 23–24. The Court finds that no indication of forum shopping is present here where Allstate chose the forum where the named insureds lived when they entered into the automobile insurance policy and where the forum selection clause contemplated that lawsuits would be filed. Thus, the plaintiff's chosen forum factor weighs heavily against venue transfer, and transfer will only be warranted in this case if "[Cress] demonstrate[s] that [Allstate's] choice of forum is clearly outweighed by other factors." *See Board of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F.Supp. 1253, 1256 (E.D. Va. 1988) (citations and internal quotation marks omitted).

### 2.     Witness Convenience

The convenience of the witnesses is "perhaps the most important factor" in determining whether a transfer of venue should be granted. *Cronos Containers Ltd. v. Amazon Lines, Ltd.,* 121 F.Supp. 2d 461, 466 (D. Md. 2000). To explain possible witness inconvenience, "the defendant should submit affidavits from witnesses and parties involved that explain the inconvenience and hardship [they] 'would suffer if the case were heard in the plaintiff's chosen forum.'" *CoStar Realty Info.,* 604 F.Supp. 2d at 770 (quoting *Dow v. Jones,* 232 F.Supp. 2d 491, 499 (D. Md. 2002)) (citation omitted). "Mere assertions of inconvenience or hardship, without more, are insufficient to sustain a motion . . . to transfer pursuant to § 1404(a)." *Id.* at 770 (citing *Dow,* 232 F.Supp. 2d at 499; *Helsel v. Tishman Realty & Constr. Co., Inc.,* 198 F.Supp.2d 710, 712 (D. Md. 2002)). Also, courts confronted with a motion to transfer venue should be presented with "sufficient details respecting the witnesses and their potential testimony to enable the court

---

also be brought" where the "covered auto accident" occurred. ECF No. 1-1 at 33. Whether or not this case involves a "covered auto accident" is yet to be determined.

to assess the materiality of evidence and the degree of inconvenience." *Koh v. Microtek Int'l, Inc.*, 250 F.Supp. 2d 627, 636 (E.D. Va. 2003).

Cress provides little in the way of potential testimony of her witnesses but does generally argue that all witnesses to the accident and those who investigated the accident are in Colorado. ECF No. 19-1 at 28. This information does not aid the Court in its inconvenience analysis because, based on the parties' representations of the issues, the case will not involve a discussion of the details of the accident. In fact, the parties suggest that there will be either no witnesses necessary (if Maryland law applies) or few witnesses necessary (if Colorado law applies) to determine if the decedent fell under the "resident relative" clause of the contract. To that end, other than Cress, Michael Overturf may be a witness to decedent's residence at the time of the accident. As for Michael Overturf's ability to travel, he asserts that he has been receiving dialysis three times a week since 2006 but acknowledges that starting in 2011, he frequently travelled between Maryland and Colorado. ECF No. 19-2. Given his frequent travel to Maryland, Cress has not shown that Michael Overturf would be too inconvenienced by a Maryland venue.

Cress also makes a broad statement that all of the potential witnesses reside beyond this Court's subpoena power, but this also "does little to assist the [C]ourt in weighing the convenience of the witness and the necessity of compulsory process." *See Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp. 2d 708, 719 (E.D. Va. 2005). Cress has not indicated "whether [] witness[es] [are] willing to travel to a foreign jurisdiction." *Id.* (citation and internal quotation marks omitted). Also, "[s]omewhat less weight is given to witness inconvenience when a party is unable to demonstrate with any particularity that videotaped deposition testimony will be inadequate, and that live testimony is critical." *Id.* at 719 (citing *Koh,* 250 F.Supp. 2d at 637; *Acterna, LLC v. Adtech, Inc.*, 129 F.Supp. 2d 936, 939 (E.D. Va. 2001)). In fact, Cress

12

states that her witnesses could appear through deposition or telephone. ECF No. 19-1 at 29. "[L]oss of live testimony of less central witnesses is not so great a price for honoring plaintiff's choice." *Id.* (citation and internal quotation marks omitted). Additionally, the bulk of federal civil litigation is now done through teleconference and deposition. Given that few, if any, witnesses will be necessary in this action and Cress does not show that those witnesses would be unable or unwilling to travel to Maryland or be deposed in Colorado, the Court attributes little weight to this factor.

### 3. Inconvenience to Parties

"Inconvenience to party-witnesses is given less weight because they are presumed to be more willing to travel to testify than non-party witnesses." *Laureate Educ., Inc. v. Megahed,* No. AW–10–749, 2010 WL 2651895, at \*10 (D.Md. July 1, 2010) (citing *Samsung Elecs. Co.,* 386 F.Supp. 2d at 718). Also, a party subject to a forum selection clause has a difficult time arguing inconvenience when the contract predetermined that the current forum would be proper. In that case, the party has essentially waived "the right to challenge the preselected forum as inconvenient or less convenient for themselves . . . ." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tx.*, 134 S.Ct. 568, 582 (2013).

Here, Cress states that she is not working due to a medical condition and has only visited Maryland twice. ECF No. 19-7. Yet, she does not express that she is medically unable to travel. Given that the Court gives less weight to the inconveniences to party-witnesses, this factor does not weigh in favor of transfer of venue.

### 4. Interest of Justice

Consideration of the interests of justice "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Board of Trustees, Sheet Metal Workers Nat. Fund,* 702 F.Supp. 1253, 1260. This last category of factors

includes, among others, "the pendency of a related action, the court's familiarity with applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Id.* at 1260. Here, no related action exists and the accident scene will not need to be viewed. Also, the parties fail to suggest any issue with docket conditions or the possibility of an unfair trial or harassment. Cress asserts that A.O. is a necessary party that is unable to be joined in this action, but the Court finds she stands in the same position as Cress and can be joined in this action for the reasons set out in Section II.A. of this memorandum.

Cress' strongest argument involving the interest of justice is the applicable law. Cress contends that Colorado has an interest in applying Colorado law to this dispute because the accident that gave rise to the claim occurred in Colorado. ECF No. 19-1 at 29. Despite Cress' contention, Colorado law may not apply to this case.[4] Colorado courts apply the law chosen by the contracting parties unless no reasonable basis exists for applying their choice or applying the chosen state's law would be contrary to the fundamental policy of the state whose law would otherwise govern. *Hansen v. GAB Bus. Services, Inc.*, 876 P.2d 112, 113 (Colo. App. 1994). Maryland does the same. *Cunningham v. Feinburg*, -- A.3d --, 2015 WL 328991 at *6 (Md. Jan 27, 2015) (citing *Am. Motorists Ins. Co. v. ARTRA Group, Inc.* 659 A.2d 1295, 1300, 1301 (Md. 1995)) ("If the contract contains a choice of law provision, we apply generally the law of the specified jurisdiction."). Here, the contract contains a Maryland choice of law provision. ECF No. 1-1 at 33. In addition, in the absence of a choice of law provision, "[t]he *locus contractu* of

---

[4] Cress asserts that Colorado courts apply tort conflict-of-law principles when an individual makes a claim under an uninsured motorist policy, citing to *Kipling v. State Farm Mut. Auto Ins. Co.*, 2012 WL 5409795 (D. Colo. Nov. 6, 2012). ECF No. 19-1 at 24–25. The Tenth Circuit overturned this case on appeal and found that contract conflict-of-law principles apply to claims for benefits under automobile insurance contracts. *Kipling v. State Farm Mut. Auto Ins. Co.*, 774 F.3d 1306, 1312–13 (10th Cir. 2014).

an insurance policy is the state in which the policy is delivered and the premiums are paid."
*Continental Cas. Co. v. Kemper Ins. Co.*, 920 A.2d 66, 69 (Md. Ct. Spec. App. 2007) (citation omitted); *see also Kipling v. State Farm Mut. Auto Ins. Co.*, 774 F.3d 1306, 1312–13 (10th Cir. 2014) (finding under Colorado law " . . . contract conflict-of-laws principles apply even though tort liability underlies any liability-insurance or UIM-insurance claim . . ."). Here, the choice of law provision and the state where the contract was delivered are the same: Maryland. Thus, it is possible that if this Court transferred the case to Colorado, the Colorado court would apply Maryland law in light of the choice of law provision in the insurance policy and given that Maryland is the state where the policy was delivered and the premiums paid. At this stage, the applicable law has not been decided, and therefore, the Court cannot find that Colorado has a strong interest in applying its law to this dispute. As such, this factor is neutral.

Because the balance of factors does not strongly favor the Defendant, Plaintiff's choice of forum will not be disturbed. *Collins*, 748 F.2d at 921. Cress' motion to transfer venue is DENIED.

### C.    Subject Matter Jurisdiction Over The Overturfs

The Overturfs ask to be dismissed from this declaratory action because they have not submitted a claim for coverage with Allstate, and thus, they contend that no case or controversy exists between them and Allstate. ECF No. 20-1 at 14–18. Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Once a challenge is made to subject matter jurisdiction, the plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). The court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled

to prevail as a matter of law." *Id* (citation and internal quotation marks omitted). In ruling on a motion under Rule 12(b)(1), the court "should 'regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Ferdinand–Davenport v. Children's Guild*, 742 F.Supp. 2d 772, 777 (D. Md. 2010) (quoting *Evans*, 166 F.3d at 647).

This is a declaratory action[5] and "a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993) (citation omitted). The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. A federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three requirements are met: "(1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgment;' (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citing 28 U.S.C. § 2202).

Article III of the Constitution dictates when a case meets the actual controversy requirement. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937). Importantly, the parties must have a "personal stake in the outcome" to have a case or controversy. *City of Los Angelos v. Lyons*, 461 U.S. 95, 101 (1983). A dispute between parties in

---

[5] Allstate's claim against the Overturfs was brought under 28 U.S.C. §§ 2201 and 2202 of the Declaratory Judgment Act. ECF No. 1 at ¶ 9.

an adversary proceeding must be definite, concrete, and not hypothetical. *Aetna Life Ins. Co. of Hartford, Conn*, 300 U.S. at 242. Determining whether that type of dispute exists in a declaratory judgment action can be difficult. The Supreme Court has stated:

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Court in *Aetna Life Ins. Co. of Hartford, Conn.* found a controversy over an insurance contract existed when "[t]he dispute relate[d] to legal rights and obligations arising from the contracts of insurance [and] . . . the parties had taken adverse positions with respect to their existing obligations." 300 U.S. at 242.

Here, the Court must decide whether a case or controversy exists between the insurer and its policy holders in a declaratory judgment action brought by the insurer when a relative of one of the policy holders may have a claim against the policy but the policy holders do not have a claim and have not made a demand on the insurer. The Overturfs assert that no controversy exists between them and Allstate because, as decedent's brother and sister-in-law, they have not and cannot make a claim under the policy because they do not have a claim for the wrongful death of decedent. ECF No. 20-1 at 14-18; *see also* C.R.S. § 13-21-201 (naming who can recover under Colorado's wrongful death statute) & Md. Code, Courts and Judicial Proceedings Art. § 3-904 (naming who can recover under Maryland's wrongful death statute).

Allstate asserts that because Cress, decedent's mother, is making a claim under the Overturfs' automobile insurance policy, the Overturfs have an interest in this declaratory action.

17

ECF No. 22 at 21–22. In support, Allstate cites to cases where named insureds were parties in lawsuits where the named insured were not seeking a benefit under their policy—*Am. Intern. Ins. Co. v. Heltzer*, No. Civ. A.AW-00-3355, 2001 WL 225031 at *2 (D. Md. Feb. 7, 2001) (finding joinder of the named insured did not constitute fraudulent joinder in a declaratory judgment action even though it was the named insured's daughter who was claiming a benefit under the policy); *Lititz Mut. Ins. Co. v. Bell*, 724 A.2d 102, 104–05 (1999) (permitting two named insureds to be parties to action involving third insured and insurance company where named insureds did not object). While these cases did go forward with the named insured as a party, those courts were not directly presented with whether a case or controversy existed between the insurer and the named insureds. Indeed, there are also cases where the named insured was not a party to an action between a named insured's family member and the insurer.[6] *See Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 584 (7th Cir. 2012) (insurer brought declaratory judgment action against daughter of insured and insured was not a party to the lawsuit); *Heavner v. State Auto. Mut. Ins. Co. of Columbus, Ohio*, 350 F.Supp. 859, 861 (W.D. Va. 1972) (son brought suit against mother's insurer for uninsured motorist coverage and insured was not party to the lawsuit); *Petrich by Lee v. Hartford Fire Ins. Co.*, 427 N.W.2d 244, 245 (Minn. 1988) (stepson of insured brought declaratory judgment against insurer and insured was not a party to the lawsuit).

Though this action was brought to determine whether the Overturfs' policy covers Cress' claim, the Overturfs were not involved in the accident, none of their automobiles were involved in the accident, and the Overturfs are not the deceased's heirs. Thus, the dispute does not relate

---

[6] And it has been found that an insured is not an indispensable party to a declaratory action brought by an insurer. *Nationwide Mutual Ins. Co. v. Simms*, 231 F. Supp. 787, 792 (D. Md. 1964).

to the Overturfs' legal rights under the policy and the Overturfs have not taken a position adverse to Allstate. *Cf. Atlanta Intern. Ins. Co. v. Atchison, Topeka & Santa Fe Ry. Co.*, 938 F.2d 81, 83 (7th Cir. 1991) (finding no controversy existed to sustain insurer's declaratory judgment action where named insured was subject to a potential judgment but had not made claim for payment because there was no immediate threat to insurer); *Colony Nat'l Ins. Co. v. DeAngelo Bros., Inc.*, No. 3:13-CV-00401, 2014 WL 1159776 at *6 (M.D. Pa. Mar. 21, 2014) (explaining that third party claim against one named insured was not sufficient to make other named insured necessary party in insurer's declaratory judgment action even though third party claim could affect the total coverage available under the insurance contract); *Legion Ins. Co. v. Moore,* 846 So.2d 1183, 1185 (Fl. App. 2003) (affirming lower court's dismissal of employer from declaratory action where employer claimed it was not making an uninsured motorist claim under the policy and the declaratory judgment action had been stricken). As such, the Overturfs have no real stake in the outcome of this declaratory judgment action and the Overturfs' Motion to Dismiss, ECF No. 20, is GRANTED.

### D.   A.O. – Necessary Party

Cress asserts that A.O. is a necessary party to this action because if the deceased's heirs are entitled to benefits under the Overturfs' policy, as the daughter of the deceased, A.O. has a claim to benefits under the policy. ECF No. 19-1 at 33–34. A necessary party, under Fed. R. Civ. P. 19(a) is, in relevant part, a person who ". . . claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a).

Under the Overturfs' insurance policy, Allstate "may pay any person lawfully entitled to recover the damages." ECF No. 1-1 at 46. Also, the policy states that an insured is any person "who is legally entitled to recover because of bodily injury to . . . a resident relative." *Id.* at 43. Under both Maryland and Colorado law, a child is entitled to recover damages due to the death of a parent under wrongful death statutes. *See* C.R.S.A. § 13-21-201 & Md. Code, Courts and Judicial Proceedings Art. § 3-904. Thus, under either the Overturfs' policy or state law, if the decedent is entitled to benefits under the policy, the decedent's daughter would be entitled to the benefits under the policy. *Cf. Ward v. Walker*, 725 F.Supp. 2d 506, 510–11 (D. Md. 2010) (finding decedent's daughter was necessary party in wrongful death suit); *Netherlands Ins. Co. v. Moore*, 190 So. 2d 191, 195 (Fl. Dist. Ct. App. 1966) ("It has been repeatedly held that the claim by a dependent of an insured motorist is covered by the standard uninsured motorist clause appearing in automobile liability insurance policies for damages suffered by such dependent when the death of the insured is caused by the negligence of an uninsured motorist, despite the fact that the dependent's claim arises by virtue of the death by wrongful act statute . . ."); *Sterns v. M.F.A. Mut. Ins. Co.*, 401 S.W. 2d 510, 517 (Mo. Ct. App. 1966) (finding insurance policy was "intended to provide indemnity for damages resulting from an insured's wrongful death caused by an uninsured motorist, payable to whatever person or persons may be entitled to bring an action under [Missouri's wrongful death statute], whether spouse, child or children, parents or parents, or administrator or executor."). In these circumstances, A.O. has an "interest relating to the subject of the action and is so situated that disposing of the action in [her] absence may . . . impair or impede [her] ability to protect the interest [] or leave [Allstate] subject to a substantial

risk of incurring double [] or [] inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19. Thus, A.O. is a necessary party to this action.[7]

Allstate has asked for leave to amend its Complaint to add A.O. as a party. ECF No. 22 at 23. Courts are to "freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Under this directive, a court should grant leave to amend unless a justifying reason exists to deny leave, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This case is in the earlier stages of litigation and Defendants have not opposed Allstate's request for leave to amend.[8] The Court GRANTS Allstate leave to amend its Complaint to add A.O. as a party.

---

[7] Cress contends that A.O. is an indispensable party and the case must be dismissed because she cannot be joined. Because the Court finds that A.O. is necessary and can be joined, the Court need not determine if she is indispensable to this action. *See* Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."); *R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 499 (D. Md. 2007).

[8] Defendants do argue lack of personal jurisdiction, but the Court would have personal jurisdiction over A.O. for the reasons it has personal jurisdiction over Cress. *See supra* Section II.A.

### III.    CONCLUSION

For the above reasons, Cress' Motion to Dismiss for lack of personal jurisdiction, ECF

No. 19, is DENIED, and the Overturfs' motion to dismiss for lack of subject matter jurisdiction,

ECF No. 20, is GRANTED.

A separate order will follow.


Dated: March 19, 2015

GEORGE J. HAZEL
United States District Judge